UNITED STATES of America,
Plaintiff–Appellee,

v.

**Ezequiel Guanerjes LOPEZ–DELEON,**
Defendant–Appellant.

No. 03–40372.
Conference Calendar

United States Court of Appeals,
Fifth Circuit.

Oct. 22, 2003.

James Lee Turner, Assistant US Attorney, US Attorneys Office, Southern District of Texas, Houston, TX, Tony Ray Roberts, US Attorney's Office, Southern District of Texas, McAllen, TX, for Plaintiff–Appellee.

Roland E. Dahlin, II, Federal Public Defender, Margaret Christina Ling, Assistant Federal Public Defender, Miguel A. Nogueras, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before KING, Chief Judge, and JOLLY and STEWART, Circuit Judges.

PER CURIAM.*

Ezequiel Guanerjes Lopez–DeLeon appeals the sentence imposed following his guilty plea conviction of being found in the United States after deportation/removal in violation of 8 U.S.C. § 1326. Lopez–DeLeon complains that his sentence was improperly enhanced pursuant to 8 U.S.C. § 1326(b) based on a prior conviction. He argues that the sentencing provision is unconstitutional. Lopez–DeLeon thus contends that his sentence should not exceed the maximum terms of imprisonment prescribed in 8 U.S.C. § 1326(a).

In *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), the Supreme Court held that the enhanced penalties in 8 U.S.C. § 1326(b) are sentencing provisions, not elements of separate offenses. The Court further held that the sentencing provisions do not violate the Due Process Clause. *Id.* at 239–47. Lopez–DeLeon acknowledges that his argument is fore-

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

closed by *Almendarez–Torres*, but asserts that the decision has been cast into doubt by *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). He seeks to preserve his argument for further review.

*Apprendi* did not overrule *Almendarez–Torres*. *See Apprendi*, 530 U.S. at 489–90; *United States v. Dabeit*, 231 F.3d 979, 984 (5th Cir.2000). This court must follow *Almendarez–Torres* "unless and until the Supreme Court itself determines to overrule it." *Dabeit*, 231 F.3d at 984 (internal quotation marks and citation omitted). The judgment of the district court is AFFIRMED.

The Government has moved for a summary affirmance in lieu of filing an appellee's brief. In its motion, the Government asks that an appellee's brief not be required. The motion is GRANTED.

AFFIRMED; MOTION GRANTED.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.